**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**ANDREW JONES; STONEHORSE GOEMAN; MARIE PETERS; WEALTHY BUCKTOOTH, individually and as guardian ad litem for Holly Lyons and Jordan Bucktooth; ROBERT E. BUCKTOOTH, JR.; CHERYL BUCKTOOTH, individually and as guardian ad litem for Nadine Bucktooth, Robert Bucktooth, and Garrett Bucktooth; MARTHA BUCKTOOTH; ROBERTA BUCKTOOTH, individually and as guardian ad litem for Houston Rockwell, Clay Rockwell, Odenhaida Rockwell, and Abilene Rockwell; ROBERT BUCKTOOTH; RONALD JONES, SR.; RONALD JONES, JR.; RUTH JONES; DEBBY JONES; KAREN JONES; NIKKI JONES; KARONIAKATA JONES; SHAWN JONES; TRACY KAPPELMEIER, individually and as guardian ad litem for Matthew Kappelmeier, Adam Kappelmeier, and Gabrielle Misener; JACKIE ASHTON; SHIRLEY SNYDER; ANDREA POTTER; SAMANTHA THOMPSON; MARTHA J. SKYE, individually and as guardian ad litem for Cara Skye, Andrew Skye, and Stormy Skye; STEVEN LEE SKYE; VERNA MONTOUR; SESILEY R. SNYDER; ALICE THOMPSON; MINNIE GARROW; FRANCES DIONE; WENTAWAWI DIONE; JOELY VANDOMMELEN, individually and as guardian ad litem for Daronhiokwas Horn, A'Anase Horn, and Tekahawakwen Rice; KAHENTE HORN MILLER, individually and as guardian ad litem for Karonhioko'he Horn; KAHENTINETHA HORN; MALCOLM HILL; KATHY MELISSA SMITH; WILLIAM GREEN III; KEVIN HENHAWK; DYHYNEYYKS; MONA LOGAN; GERALD LOGAN, JR.; ANTHONY KLOCH, JR.; KENNETH KAPPELMEIER; FRANK BISTROVICH; BRENT LYONS; BRAD COOKE, individually and as guardian ad litem for Brad Cooke, Jr.; JANET CORNELIUS; JINA JIMERSON; DUANE BECKMAN; CHAD HILL; DONNA HILL; STEVE STACY; DALE DIONE; ROBIN WANATEE, individually and as guardian ad litem for Joshua Wanatee and Ally Wanatee; ESTHER SUNDOWN; SHELLEY GEORGE; SHIELA (Fish) NINHAM, individually and as guardian ad litem for Shenna Green; JOE STEFANOVICH; TYLER HEMLOCK; HAYDEN HEMLOCK; SKRONIATI STACY; KAKWIRAKERON; TEKARONTAKE;**

**TEYONIENKWATASEH; DANIEL MOSES; ANDREW MOSES; ROSS JOHN; HOLLY JOHN; BARRY BUCKSHOT; JUANITA (Lewis) BUCKSHOT, individually and as guardian ad litem for Seth Tarbell, Deirdre M. Tarbell, and Andrew Buckshot; KENT PAPINEAU; LEIGHANN NEFF; and ELAINE HORTON, as guardian ad litem for Marissa Horton,**

                        **Plaintiffs,**

                        v.                                      5:98-CV-374
                                                             (FJS/GHL)

**The following persons in their personal capacities as New York State Troopers, MAJOR JAMES J. PARMLEY; CAPTAIN GEORGE BEACH; INV. PAMELA J. MORRIS; INV. DENNIS J. BLYTHE; INV. JOHN F. AHERN; SGT. JOSEPH W. SMITH; TRP. JEFFREY SERGOTT; TRP. MICHAEL S. SLADE; TRP. JAMES D. MOYNIHAN; TRP. JAMES J. JECKO; SGT. ROBERT HAUMANN; TRP. MARK E. CHAFFEE; TRP. CHRISTOPHER J. CLARK; TRP. PAUL K. KUNZWILER; TRP. DOUGLAS W. SHETLER; TRP. PATRICK M. DiPIRRO; TRP. GREGORY EBERL; SGT. GARY A. BARLOW; TRP. MARK E. LEPCYZK; TRP. MARTIN ZUBRZYCKO; TRP. GLENN MINER; TRP. GARY DARSTEIN; TRP. KEVIN BUTTENSCHON; SGT. CHRIS A. SMITH; SGT. NORMAN MATTICE; CAPT. JOHN E. WOOD; LT. THOMAS P. CONNELLY; INV. JERRY BROWN; SGT. HARRY SCHLEISER; INV. NORMAN ASHBARRY; TRP. PETER S. LEADLEY; TRP. MARTIN J. WILLIAMS; TRP. GLORIA L. WOOD; TRP. DAVID G. BONNER; TRP. DENNIS J. BURGOS; TRP. JOHN P. DOUGHERTY; TRP. DAVID V. DYE; TRP. DARYL O. FREE; SGT. JAMES J. GREENWOOD; TRP. ANDREW HALINSKI; TRP. ROBERT B. HEATH; TRP. ROBERT H. HOVEY, JR.; TRP. ROBERT A. JURELLER; TRP. STEPHEN P. KEALY; TRP. TROY D. LITTLE; TRP. EDWARD J. MARECEK; TRP. RONALD G. MORSE; TRP. PAUL M. MURRAY; TRP. ANTHONY RANDAZZO; TRP. ALLEN RILEY; SGT. CHRIS A. SMITH; TRP. FREDERICK A. SMITH; SGT. STEVEN B. KRUTH; JOHN DOE 1-100; and JANE DOE 1-100,**

                        **Defendants.**

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **MORVILLO, ABRAMOWITZ, GRAND, IASON & SILBERBERG, P.C.**<br>565 Fifth Avenue<br>New York, New York 10017<br>Attorneys for Plaintiffs | ROBERT J. ANELLO, ESQ.<br>ELKAN ABRAMOWITZ, ESQ.<br>ALVIN LEONARD BRAGG, ESQ.<br>JAMES C. DUGAN, ESQ.<br>JODI M. PEIKIN, ESQ. |
| **HOFFMAN, HUBERT & HOFFMAN, LLP**<br>4629 Onondaga Boulevard<br>Syracuse, New York 13219<br>Attorneys for Plaintiffs | TERRENCE HOFFMAN, ESQ. |
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>615 Erie Boulevard West<br>Suite 102<br>Syracuse, New York 13204<br>Attorneys for Defendant McMahon and State Defendants | SENTA B. SIUDA, AAG |

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiffs' April 4, 2005 motion[1] which seeks to have the Court amend its March 28, 2005 Memorandum-Decision and Order ("MDO")[2] in three respects:

---

[1] Both of Plaintiffs' letters state that Plaintiffs do not believe that formal motions for reconsideration are required for the relief that they seek but that, if formal motions are required, they ask the Court to construe their letters as motions for reconsideration. Plaintiffs seek to have the Court reconsider its MDO. Therefore, despite Plaintiffs' failure to comply with the Local Rules of this District, the Court construes their letters as motions for reconsideration. *See* L.R. 7.1(a)(1)-(2), (g)

[2] As the Court noted in its March 28, 2005 MDO, some or all of Plaintiffs bring the
(continued...)

(1) to remove that portion of footnote 1 in which the Court assumes that Alfred Logan, Jr. and Gerald Logan, Jr. are the same person, (2) to remove that portion of footnote 1 in which the Court states that Mark Bender and Peter Obrist are not Defendants and to permit Plaintiffs to file an amended caption to their second amended complaint, and (3) to remove that portion of footnote 1 in which the Court states that Plaintiffs Marissa Horton and Verna Montour had failed to allege that any of Defendants named in Plaintiffs' first claim for relief were involved in their arrests and to permit Plaintiffs to file an amended caption to their first claim for relief of their second amended complaint. Also before the Court is Plaintiffs' April 6, 2005[3] motion that the Court amend the MDO to remove footnote 14 in which the Court noted that Plaintiffs have not asserted Fourth Amendment false arrest claims against Defendants.[4]

---

[2](...continued)
following causes of action against some or all of Defendants: (1) excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to 42 U.S.C. § 1983; (2) denial of due process in violation of the Fifth and Fourteenth Amendments and pursuant to § 1983; (3) denial of the freedoms of speech, assembly, and religion in violation of the First and Fourteenth Amendments and pursuant to § 1983; (4) conspiracy to deny the freedom of speech, assembly, and religion pursuant to § 1983; (5) conspiracy to deny equal access to the freedom of speech, assembly, and religion pursuant to § 1985(3); (6) deliberate indifference to medical needs in violation of the Eighth Amendment and pursuant to § 1983; (7) state law false arrest and false imprisonment; (8) state law assault and battery; (9) state law malicious prosecution; (10) state law intentional infliction of emotional distress; and (11) state law negligent infliction of emotional distress.

[3] Robert J. Anello of Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C. filed the April 5, 2005 motion. Terrance J. Hoffman of Hoffman, Hubert & Hoffman, LLP filed the April 6, 2005 motion.

[4] Since the Court set forth the basic facts of the case in its March 28, 2005 MDO, it will not repeat them here. *See* Dkt. No. 387 at 5-6.

## II. DISCUSSION

**A.    Alfred Logan, Jr. & Gerald Logan, Jr.**

Plaintiffs argue that Alfred Logan, Jr. and Gerald Logan, Jr. are distinct persons and that Alfred Logan, Jr. appears in the caption of their second amended complaint by his Native American name, Dyhyneyyks. They note that Alfred Logan, Jr. testified at his deposition that Dyhyneyyks is his Native American name and that ¶ 73 of the second amended complaint refers to him by both names. Defendants expressly do not challenge this portion of Plaintiffs' request. Accordingly, the Court grants Plaintiffs' motion for reconsideration with respect to the striking of the first and second sentences of footnote 1 of its March 28, 2005 MDO.

**B.    Mark Bender and Peter Obrist**

Plaintiffs argue that their failure to include Mark Bender and Peter Obrist in the caption of their second amended complaint was due to inadvertence. They request that the Court strike that portion of footnote 1 of its MDO that states that Mark Bender and Peter Obrist are not Defendants in this action and grant them leave to amend the caption of their second amended complaint.

As an initial matter, Plaintiffs' request does not constitute a proper motion to amend their pleadings. Local Rule 7.1(a)(4) provides that

> [a]n unsigned copy of the proposed amended pleading must be attached to a motion brought under Fed. R. Civ. P. 14, 15, 19-22. Except as the Court provides, the proposed amended pleading must be a complete pleading, which will supersede the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

L.R. 7.1(a)(4). Plaintiffs have only provided a new caption that purports to still be that of a "Second Amended Complaint."

Furthermore, Rule 10 of the Federal Rules of Civil Procedure provides that "[i]n the complaint the title of the action shall include the names of all the parties . . . ." Fed. R. Civ. P. 10(a).[5] This requirement extends to amended complaints, *see Thompson v. Kramer*, Civ. A. No. 93-2290, 1994 WL 702927, *11 (E.D. Pa. Dec. 13, 1994) (citation omitted); *Hamilton v. Covington*, 445 F. Supp. 195, 199 (W.D. Ark. 1978), as the necessary consequence of the rule that an amended pleading completely supercedes the prior pleading such that the prior pleading no longer has legal effect, *see Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668-69 (2d Cir. 1977) (citations omitted); L.R. 7.1(a)(4). Therefore, a party that is not named in the caption of an amended complaint is not a party to the action.[6]

Accordingly, for the above-state reasons, the Court denies Plaintiffs' motion for

---

[5] The Court notes that some District Courts in this Circuit have treated this requirement of Rule 10 rather loosely. "It is not absolutely necessary to list an individual in the caption of the complaint in order to name that individual as a defendant in the action." *Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)*, 924 F. Supp. 449, 484 (S.D.N.Y. 1996) (citations omitted). "[T]he omission of a name from the caption is not determinative of whether a defendant is properly in a case. That determination depends upon 'the allegations in the body of the complaint and not his inclusion in the caption.'" *Johnson v. United States*, 680 F. Supp. 508, 514-15 n.6 (E.D.N.Y. 1987) (quotation omitted). Neither *Arthur Andersen* nor *Johnson*, however, cites any binding authority to support these propositions.

[6] Plaintiffs seek to support their argument by noting that they made specific allegations against Bender and Obrist in that portion of their second amended complaint entitled "Factual Allegations As to Each Defendant." *See* Dkt. No. 149 at ¶¶ 361-374. The Court notes that Defendant Martin J. Williams is not addressed in that portion of Plaintiff's second amended complaint. Presumably, Plaintiffs would also argue this was due to inadvertence. However, a defendant should not be in a position of having to guess which of a plaintiff's inadvertent inclusions or exclusions have legal effect.

reconsideration with respect to the striking of the third and fourth sentences of footnote 1 of its March 28, 2005 MDO.[7,8]

### C.     Plaintiffs Marissa Horton and Verna Montour

As the Court noted in its March 28, 2005 MDO, although Plaintiffs Marissa Horton and Verna Montour assert excessive use of force claims, they have not identified any Defendants named in the first claim for relief as having been involved in their arrests. *See* MDO at 4 n.1. Plaintiffs argue that their failure to name Defendants Eberl and Chaffee, who they claim were so involved, in their first claim for relief was an inadvertent error. Therefore, they request that the Court strike that portion of footnote 1 of the MDO that dismissed Plaintiffs Marissa Horton's and Verna Montour's excessive use of force claims and grant them leave to amend the caption of their first claim for relief in their second amended complaint.

---

[7] Even if Plaintiffs were to submit a proper motion to amend their second amended complaint, it would be in the Court's discretion whether to grant them leave to amend. In exercising that discretion, the Court would balance the length of the delay in Plaintiffs' motion and Defendants' prejudice. *See Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983) (quotation omitted). In this case, Plaintiffs filed their original complaint on March 3, 1998; the Court twice granted them leave to amend their complaint; and they filed their second amended complaint on October 25, 1999. *See* Dkt. Nos. 1, 62, 111, 149. Moreover, the caption of the second amended complaint names ninety-eight Plaintiffs and fifty-seven Defendants, and there are seventeen persons, besides Bender and Obrist, who are named as Defendants on Plaintiffs' original complaint who do not appear as Defendants in the caption of Plaintiffs' second amended complaint. Given that any motion to amend by Plaintiffs would be over five years late, that the Court has already twice given Plaintiffs leave to amend their pleadings, that this is a large case in which it is particularly important for the caption to give Defendants accurate notice of who the parties are, and that Plaintiffs have previously dropped many persons as Defendants, the Court concludes that Defendants would be unduly prejudiced if the Court were to allow Plaintiffs to amend their pleadings a third time.

[8] At this late point in the prosecution of this case, any recourse Plaintiffs might have for the failure of their pleadings to accurately reflect their intentions is against their attorneys.

The Court again notes that Plaintiffs have not filed a proper motion to amend their pleadings. Since no relief other than an amendment of Plaintiffs' second amended complaint would cure the cause of the dismissal of Plaintiffs Marissa Horton's and Verna Montour's excessive use of force claims, the Court denies Plaintiffs' motion for reconsideration with respect to the striking of the seventh and eighth sentences of footnote 1 of its March 28, 2005 MDO.[9]

### D.  Fourth Amendment false arrest claims

Plaintiffs argue (1) that their Second Amended Complaint contains sufficient factual allegations to support Fourth Amendment false arrest claims, (2) that ¶ 580 of their Second Amended Complaint specifically states such claims, and (3) that their second claim for relief may be read to state such claims.

Although it is true that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that "[n]o technical forms of pleading . . . are required," Fed. R. Civ. P. 8(e)(1), it is also true that the complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Denny v. Barber*, 576 F.2d 465, 469 (2d Cir. 1978) (quotation omitted). Although courts construe *pro se* complaints liberally and freely grant leave to amend when justice so requires, the

---

[9] Even if Plaintiffs filed a proper motion to amend their second amended complaint, the considerations of undue delay that the Court noted above in footnote 7 would apply. Furthermore, the Court notes that not only did Plaintiffs not name Defendant Eberl in their first claim for relief, but they also only alleged that he was involved in the arrests of Plaintiff Art Montour Jr. and "a female Indian." *See id.* at ¶¶ 339, 341. Plaintiff Marissa Horton is not an Indian. *See* Deposition of Marissa Horton, sworn to July 27, 2001, at 7:3-5. Therefore, Plaintiffs' second amended complaint gave Defendant Eberl no notice that Plaintiff Marissa Horton intended to assert an excessive force claim against him. Thus, as the Court discussed above, Defendants would be unduly prejudiced if the Court were to allow Plaintiffs to amend their pleadings a third time.

instant case is a significant action in which six attorneys have appeared on behalf of Plaintiffs and in which Plaintiffs have already twice amended their complaint, the last amendment occurring over five years ago. *See* Dkt. No. 149. With these facts in mind, the Court will consider Plaintiffs' request.

The caption of Plaintiffs' first claim for relief alleges a claim against certain Defendants "for use of excessive force in violation of the Fourth and Fourteenth Amendments . . . ." *See id.* at p. 141. The following substantive paragraph states that Defendants' conduct "in arresting and, in some cases, beating the plaintiffs . . . constitutes the excessive and unreasonable use of force in violation of the prohibition against unreasonable seizure of the Fourth and Fourteenth Amendments . . . ." *See id.* at ¶ 584. If Plaintiffs had intended to assert Fourth Amendment false arrest claims, they could have simply alleged that Defendants' conduct in arresting them had violated the Fourth Amendment's prohibition of unreasonable searches and seizures. Alternatively, Plaintiffs could have asserted that Defendants' conduct in arresting them without probable cause and in using excessive force in effecting their arrests violated the Fourth Amendment. Instead, Plaintiffs specified the way in which they believed that Defendants' conduct violated the Fourth Amendment, namely their alleged use of excessive force. *Expressio unius est exclusio alterius*; by specifying the way in which they believed that Defendants violated the Fourth Amendment's prohibition against unreasonable searches and seizures, Plaintiffs chose not to allege that Defendants violated the prohibition in alternate ways.

The caption of Plaintiffs' second claim for relief alleges a claim against all Defendants "for deprivation of due process of the Fifth and Fourteenth Amendments . . . ." *See id.* at p. 142. The following substantive paragraph states that Defendants' conduct "in arresting, detaining, and

-9-

prosecuting the plaintiffs . . . constitutes deprivation of the right to due process of law guaranteed by the Fifth and Fourteenth Amendments . . . ." *See id.* at ¶ 586. Neither the Fourth nor Fifth Amendments applies directly to the States. However, portions of these amendments and others contained in the Bill of Rights have been made applicable to the States through the Fourteenth Amendment's Due Process Clause. *See Duncan v. State of La.*, 391 U.S. 145, 147-48 (1968) (expressly mentioning "the Fourth Amendment right[] to be free from unreasonable searches and seizures . . . ." (footnote omitted)). Therefore, Plaintiffs certainly could have asserted, by way of the Fourteenth Amendment's Due Process Clause, that Defendants violated their Fourth Amendment rights in the course of arresting them. However, Plaintiffs have not done so in their second cause of action. Instead, Plaintiffs expressly invoke the due process protection of the Fifth and Fourteenth Amendments. As a result, Plaintiffs effectively assert that Defendants violated the Fourteenth Amendment's Due Process Clause by violating the Fifth Amendment's Due Process Clause. However, since the Fourth, rather than the Fifth, Amendment addresses pretrial deprivations of liberty, Plaintiffs must seek relief for such deprivations pursuant to the Fourth Amendment (as incorporated by the Fourteenth Amendment). *See Albright v. Oliver*, 510 U.S. 266, 274-75 (1994) (citations omitted). Plaintiffs have not done so, and the Court cannot replead Plaintiffs' case for them.

Accordingly, because Plaintiffs have not asserted a Fourth Amendment false arrest claim, the Court denies Plaintiffs' request to strike footnote 14 of its March 28, 2005 MDO.

### III. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the

applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion to strike the first and second sentences of footnote 1 of the Court March 28, 2005 Memorandum-Decision and Order is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs motions to strike the third, fourth, seventh, and eighth sentences of footnote 1 and the entirety of footnote 14 of the Court's March 28, 2005 Memorandum-Decision and Order are **DENIED.**

**IT IS SO ORDERED.**

Dated: April 20, 2005
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge