UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDREW JONES, *et al.*,

                              Plaintiffs,

v.                                                      5:98-CV-0374
                                                        (FJS/GHL)

JAMES W. MCMAHON, *et al.*,

                              Defendants.

_____

APPEARANCES:                              OF COUNSEL:

MORVILLO, ABRAMOWITZ, GRAND, IASON        JODI MISHER PEIKIN, ESQ.
    & ANELLO & BOHRER, P.C.
Attorneys for Plaintiffs
565 Fifth Avenue
New York, New York 10017

HOFFMANN, HUBERT & HOFFMANN               TERRANCE J. HOFFMANN, ESQ.
Attorneys for Plaintiffs
4629 Onondaga Boulevard
Syracuse, New York 13219-3390

HON. ANDREW M. CUOMO                      SENTA B. SIUDA, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

GEORGE H. LOWE, United States Magistrate Judge

## DECISION AND ORDER

        Defendants seek a protective order precluding Plaintiffs from taking certain depositions

and sealing a portion of the deposition transcript of Defendant Moynihan.  Dkt. No. 416.

Plaintiffs "do not object to the temporary sealing of this portion of Moynihan's deposition

transcript," (Dkt. No. 419) but otherwise oppose the requested relief.  Dkt. No. 418.

## I.    DEPOSITION OF FORMER NYSP SUPERINTENDENT MCMAHON

Plaintiffs have established that former New York State Police ("NYSP") Superintendent James W. McMahon was involved in the internal NYSP investigation that was conducted after the May 18, 1997, incident.  I find, therefore, that he clearly could have information relevant to the subject matter involved in the action and that this information could constitute admissible evidence or it could lead to the discovery of admissible evidence.  In seeking to have Plaintiffs precluded from taking Mr. McMahon's deposition, Defendants argue, *inter alia*, that Judge Scullin found that Mr. McMahon was not personally involved in any alleged unconstitutional conduct, and therefore dismissed him from the case, and the Judge also dismissed two conspiracy causes of action that pertained to the NYSP investigation.  To me, however, it does not follow from this that Mr. McMahon does not have information relevant to the May 18, 1997, incident.  Therefore, I find that there is good cause for Mr. McMahon to be deposed, and I deny this aspect of Defendants' application for a protective order.[1]

However, I am mindful that former Magistrate Judge Gary L. Sharpe apparently determined that the deliberative process privilege applied to certain matters involving Mr. McMahon.  Dkt. No. 418 at 10-11.  Therefore, to assure that the privilege is protected, and for other reasons, if Mr. McMahon, or any party, wishes to have the deposition conducted in the

---

[1]   Defendants also argue that Mr. McMahon is no longer the Superintendent of the State Police, which is irrelevant to the issue before me, and they contend that his deposition "is duplicative and unnecessary given all the information plaintiffs already possess, and would yield no benefit to plaintiffs . . . ."  Dkt. No. 416 at 1.  Defendants assert this same contention elsewhere in their letter-brief.  No factual or legal basis is provided for this wholly conclusory contention.

2

Courthouse in Syracuse, with me available to make prompt rulings, if necessary, I will do so.  In that event, my Courtroom Deputy, Mr. Terry Mitchell, should be contacted (315-234-8613) to arrange an appropriate date and time.

**II.      DEPOSITIONS OF NON-DEFENDANT NYSP MEMBERS**

      **1.      NYSP Members Who Participated In Internal Investigation**

The Plaintiffs have identified, and wish to depose, fifteen non-defendant NYSP members who participated in the internal NYSP investigation that was conducted after the May 18, 1997, incident.  Plaintiffs object to any depositions of these members, primarily because, as noted above, Judge Scullin dismissed two conspiracy causes of action that pertained to the NYSP investigation.  Again, however, it does not follow from this that such members would not have information relevant to the May 18, 2007, incident.  I find, as with Mr. McMahon, that these members clearly could have information relevant to the subject matter involved in the action and that this information could constitute admissible evidence or it could lead to the discovery of admissible evidence.  Good cause exists for them to be deposed.

Defendants observe that fifteen depositions would exceed the maximum number referred to in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure.  After considering the principles stated in Rule 26(b)(2), I most likely would grant leave for Plaintiffs to conduct these fifteen depositions.  However, for the present I grant leave for Plaintiffs to depose any five of these NYSP members whom Plaintiffs select.  At the conclusion of those depositions and other depositions permitted in this Decision and Order, Plaintiffs may apply to me for leave to depose one or more of the remaining ten members.  Otherwise, I deny this aspect of Defendants'

application for a protective order.

  **2. Other Non-Defendant NYSP Personnel**

  The Plaintiffs have identified, and wish to depose, three additional non-defendant NYSP members.  The Defendants' objections are the same as those stated above.  I reject them, and make the same findings as above.  Therefore I deny this aspect of Defendants' application for a protective order.

**III. DEPOSITION OF MARTIN J. WILLIAMS**

  Defendants object to a deposition of Mr. Williams because he "is not a proper defendant in the case because although he is named in the caption of the case, the Second Amended Complaint contains no factual allegations against him."  Dkt. No. 416 at 3.  Plaintiffs respond that the initial Amended Complaint "contains six paragraphs spanning one and a half pages of specific allegations with respect to Williams" but that "akin to a typographical mistake, the specific allegations against Williams were somehow inadvertently dropped from the Second Amended Complaint."  Dkt. No. 418 at 15-16.  I direct counsel to confer in good faith in an attempt to resolve Mr. Williams' status.  If counsel are unable to resolve the issue I will address it in a telephone conference call.  In the meantime I find that there is good cause for Mr. Williams to be deposed, regardless of his status, and I deny this aspect of Defendants' application for a protective order.

  **ACCORDINGLY**, it is hereby

  **ORDERED**, that Defendants' application for a protective order (Dkt. No. 416) is denied; and it is further

  **ORDERED**, that counsel confer in good faith in an attempt to resolve Mr. Williams'

status as a party to this action.  Counsel shall promptly notify the Court of their efforts.

Dated: February 23, 2007
        Syracuse, New York

George H. Lowe
United States Magistrate Judge

5