**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

ANDREW JONES; ROBERT E. BUCKTOOTH, JR.;
CHERYL BUCKTOOTH; ROBERT BUCKTOOTH, III;
RONALD JONES, JR.; DEBBY JONES; KAREN
JONES; NIKKI JONES; KARONIAKATA
JONES; SHAWN JONES; KAHENTINETHA
HORN; DYHYNEYYKS a/k/a Alfred
Logan, Jr.; TEKARONTAKE a/k/a Paul Delaronde;
ROSS JOHN; and NADINE
O'FIELD/GANONHWEIH f/k/a Nadine Bucktooth,

      Plaintiffs,

   v.               5:98-CV-374
                    (FJS/TWD)

JAMES J. PARMLEY, GEORGE BEACH, PAMELA R.
MORRIS, Inv., DENNIS J. BLYTHE, Inv., JOHN F.
AHERN, Inv., JOSEPH W. SMITH, Sgt., JEFFREY D.
SERGOTT, Trp., MICHAEL S. SLADE, Trp., JAMES
D. MOYNIHAN, Trp., JAMES K. JECKO, Trp.,
ROBERT HAUMANN, Sgt., MARK E. CHAFFEE, Trp.,
CHRISTOPHER J. CLARK, Trp., PAUL K. KUNZWILER,
Trp., DOUGLAS W. SHETLER, Trp., PATRICK M.
DIPIRRO, GREGORY EBERL, Trp., GARY A. BARLOW,
MARK E. LEPCZYK, Trp., MARTIN ZUBRZYCKO, Trp.,
GLENN MINOR, Trp., GARY DARSTEIN, Trp., KEVIN
BUTTENSCHON, CHRIS A. SMITH, Sgt., NORMAN
J. MATTICE, Sgt., JOHN E. WOOD, THOMAS P.
CONNELLY, JERRY BROWN, HARRY SCHLEISER,
Sgt., NORMAN ASHBERRY, Inv., PETER S. LEADLEY, Trp.,,
GLORIA L. WOOD, Trp., DAVID G. BONNER, Trp.,
DENNIS J. BURGOS, Trp., JOHN P. DOUGHERTY, Trp.,
DAVID V. DYE, Trp., DARYL O. FREE, Trp., JAMES
J. GREENWOOD, Sgt., ANDREW HALINSKI, Trp.,
ROBERT B. HEATH, Trp., ROBERT H. HOVEY, JR., Trp.,
ROBERT A. JURELLER, Trp., STEPHEN P. KEALY, Trp.,
TROY D. LITTLE, Trp., RONALD G. MORSE, Trp.,
PAUL M. MURRAY, Trp., ANTHONY RANDAZZO, Trp.,

**ALLEN RILEY, Trp., FREDERICK A. SMITH, Trp.
STEVEN B. KRUTH, Sgt., and EDWARD J. MARECEK,**

                          **Defendants.**

---

# MEMORANDUM-DECISION AND ORDER

## I. DEFENDANTS' RULE 50 MOTIONS

**A.    Plaintiffs state-law claims of intentional infliction of emotional distress and negligent infliction of emotional distress**

"[S]tate courts and federal district courts in this Circuit 'have consistently held that the tort of intentional infliction of emotional distress may not be used as a substitute for an available traditional tort theory.'" *Caravalho v. City of N.Y.*, No. 13-cv-4174, 2016 WL 1274575, *23 (S.D.N.Y. Mar. 31, 2016) (quoting *Brewton v. City of New York*, 550 F. Supp. 2d 355, 370 (E.D.N.Y. 2008)) (citing *Leonard v. Reinhardt*, 20 A.D.3d 510, 510 (2005); *Bender*, 78 F.3d at 791 (collecting New York state appellate court cases)). "Courts in this Circuit have held the same for claims of [negligent infliction of emotional distress]." *Caravalho*, 2016 WL 1274575, at *23 (citing *Poulos v. City of New York*, 14 cv 3023 (LTS) (HBP), 2015 WL 5707496, at *10 (S.D.N.Y. Sept. 29, 2015); *Crews v. City of Nassau*, 996 F. Supp. 2d 186, 214 (E.D.N.Y. 2014); *Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 315 (S.D.N.Y. 2005)).

In this case, Plaintiffs Andrew Jones, Ronald Jones, Jr., Debbie Jones, Karoniakata Jones, Karen Jones, Nikki Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth, Alfred Logan, Jr., Kahentinetha Horn, Ross John and Paul Delaronde have asserted claims under various traditional tort theories, e.g., First Amendment violations, false arrest, malicious prosecution, excessive force, assault and battery. Having done so, their claims under these various traditional tort theories

encompass their claims that as a result of Defendants' actions under any of these theories, they suffered emotional distress. In other words, were the jury to find that they had proven any of their claims against any of the Defendants, the jury would be able to award Plaintiffs, as part of their recovery, compensation for any emotional injury that they suffered as a result of Defendants' actions.

Accordingly, the Court grants Defendants' Rule 50 motions with respect to Plaintiffs Andrew Jones, Ronald Jones, Jr., Debbie Jones, Karoniakata Jones, Karen Jones, Nikki Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth, Alfred Logan, Jr., Kahentinetha Horn, Ross John and Paul Delaronde's claims for intentional infliction of emotional distress and negligent infliction of emotional distress and dismisses those claims as duplicative of their First Amendment, excessive force, assault and battery, false arrest, and malicious prosecution claims.

**B.     Plaintiffs' First Amendment claims against Defendants**

All of the Plaintiffs assert that all Defendants violated their First Amendment rights to practice their religion, to assemble and to speak freely. In order for a Plaintiff to prove that a Defendant violated his or her First Amendment right to practice his or her religion, that Plaintiff would need to show that a Defendant's actions were substantially motivated by the desire to interfere with that Plaintiff's right to practice his or her religion. In this case, there is no evidence in the record to support any inference that any of the Defendants knew, or had reason to know, that there was any religious significance attached to the assembly of Plaintiffs on May 18, 1997. Without such knowledge, Defendants' actions could not have been motivated by a desire to interfere with Plaintiffs' rights to practice their religion. Therefore, the Court grants Defendants' Rule 50 motions

with respect to this aspect of Plaintiffs' First Amendment claims and dismisses them from this case.

On the other hand, with respect to Plaintiffs' claims that Defendants violated their First Amendment rights to assemble and to speak freely, the Court finds that Plaintiffs have come forward with sufficient evidence to create an issue of fact as to whether Defendants violated their First Amendment rights to assemble and to speak freely. Therefore, the Court denies Defendants' Rule 50 motions with regard to Plaintiffs' First Amendment claims insofar as those claims are based on Plaintiffs' rights to assemble and to speak freely.

**C.     Plaintiffs' claims against the five Supervisory Defendants, i.e., Defendants Beach, Connelly, Haumann, Parmley and John Wood**

There is no evidence in the record from which a reasonable inference could be drawn that any of the Supervisory Defendants were personally involved in the conduct that forms the basis for Plaintiffs' claims of excessive force, false arrest, and assault and battery. Plaintiffs have not produced any evidence either that these Defendants personally engaged in such conduct or that they witnessed their subordinates engaged in such conduct such that they would have had the opportunity to intervene to prevent their subordinates from engaging in such conduct. Therefore, the Court grants Defendants' Rule 50 motions and dismisses Plaintiffs' claims of excessive force, false arrest, and assault and battery against Defendants Beach, Connelly, Haumann, Parmley and John Wood.

With regard to Plaintiffs' claims that the Supervisory Defendants were personally involved in the violation of their First Amendment rights to assemble and speak freely, the Court finds that Plaintiffs have come forward with sufficient evidence to create an issue of fact as to the personal involvement of the Supervisory Defendants as to these claims either by personally engaging in conduct that violated Plaintiffs' First Amendment rights or by directing their subordinates to engage

in conduct which they knew would result or would be likely to result in a violation of Plaintiffs' First Amendment rights to assemble and to speak freely. Therefore, the Court denies Defendants' Rule 50 motions with regard to Plaintiffs' claims that the Supervisory Defendants violated their right to assemble and to speak freely.

**D.     Plaintiffs Andrew Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth and Alfred Logan, Jr.'s state-law claims of malicious prosecution**

"To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Longo v. Ortiz*, No. 15-CV-7716, 2016 WL 5376212, *2 (S.D.N.Y. Sept. 26, 2016) (quoting *Manganiello v. New York City*, 612 F.3d 149, 161 (2d Cir. 2010)) (other citation omitted). To satisfy the first element of a malicious prosecution claim against a police officer, i.e., that the defendant initiated a prosecution, a plaintiff must show that the defendant police officer brought formal charges and had that person arraigned. *See Leibovitz v. Barry,* No. 15-CV-1722, 2016 WL 5107064, *10 (E.D.N.Y. Sept. 20, 2016). A plaintiff, however, cannot show that an arresting officer initiated a criminal proceeding against him or her solely based on the arrest. *See id.* (quoting *Levy v. City of New York*, 935 F. Supp. 2d 575, 588-89 (E.D.N.Y. 2013)).

Although Andrew Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth and Alfred Logan, Jr. testified about their false arrest, assault and battery and excessive force claims – to the extent that they had alleged such claims – none of them testified about their malicious prosecution claims. Nor did they elicit any testimony from any of the witnesses that would support such claims.

Furthermore, there is no evidence in the record that any of the Defendants against whom these Plaintiffs assert their malicious prosecution claims initiated a criminal proceeding against them. Thus, Plaintiffs' malicious prosecution claims rest solely on the fact that certain Defendants arrested them for various crimes. However, as noted, a Plaintiff cannot rely solely on an arrest to demonstrate that the arresting officer initiated a criminal proceeding. Accordingly, the Court grants Defendants' Rule 50 motions with regard to Plaintiffs Andrew Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth, and Alfred Logan, Jr.'s state-law malicious prosecution claims and dismisses those claims.

**E. Plaintiffs Andrew Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth, Alfred Logan, Jr. and Paul Delaronde's state-law false arrest claims**

"Probable cause to arrest 'is a complete defense to an action for false arrest.'" *Caravalho*, 2016 WL 1274575, at *5 (quotation omitted). "'The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers.'" *Id.* (quotation omitted). There is probable cause to arrest "'when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Id.* (quotation omitted).

Plaintiffs Andrew Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth, Alfred Logan, Jr. and Paul Delaronde have come forward with sufficient evidence to create issues of fact to maintain their claims against those Defendants who participated in their arrests. Moreover, they have come forward with sufficient evidence to create issues of fact as to whether those Defendants who participated in their arrests had probable cause to arrest them. Accordingly, the Court denies

-6-

Defendants' Rule 50 motions with respect to these claims.

**F. Plaintiffs Andrew Jones, Robert E. Bucktooth Jr., and Alfred Logan, Jr.'s Fourth Amendment excessive force claims against Defendants (other than the Supervisory Defendants)**

Plaintiffs Andrew Jones, Robert Bucktooth, Jr. and Alfred Logan, Jr. have asserted Fourth Amendment excessive force claims against several of the Defendants. With respect to these claims, the Court finds that there is sufficient evidence in the record to create an issue of fact as to whether these Defendants used excessive force against these Plaintiffs. Accordingly, the Court denies Defendants' Rule 50 motions with respect to Plaintiffs Andrew Jones, Robert Bucktooth, Jr. and Alfred Logan, Jr.'s Fourth Amendment excessive force claims.

**G. Plaintiffs Andrew Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth, Alfred Logan, Jr., and Paul Delaronde's state-law claims of assault and battery**

Plaintiffs Andrew Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth, Alfred Logan, Jr. and Paul Delaronde have asserted state-law claims of assault and battery against several of the Defendants. With respect to these claims, the Court finds that there is sufficient evidence in the record to create an issue of fact as to whether these Defendants assaulted these Plaintiffs during the process of arresting them. Accordingly, the Court denies Defendants' Rule 50 motions with respect to these state-law assault and battery claims.

**H. Claims of Nadine Bucktooth, Robert E. Bucktooth, III and Shawn Jones**

Plaintiffs Nadine Bucktooth, Robert E. Bucktooth, III and Shawn Jones have the following claims: (1) violation of their First Amendment rights to assemble and to speak; (2) negligent infliction of emotional distress; and (3) intentional infliction of emotional distress.

Plaintiff Shawn Jones did not testify at trial. Both his sisters Debbie Jones and Karen Jones testified that he was at the site of the incident, but there is no indication that he came into contact with any Troopers nor is there any evidence about what he was doing that day. Therefore, there is no evidence to support his claim (1) that he was engaging in any protected First Amendment activity on May 18, 1997, or (2) that, even if he had been, any of the Defendants interfered with his exercise of his First Amendment rights. Therefore, the Court grants Defendants' Rule 50 motions with regard to Plaintiff Shawn Jones' First Amendment claims and dismisses said claims.

Plaintiffs Nadine Bucktooth and Robert E. Bucktooth, III testified that they were in a field near where the protest was located. They were not participating in any ceremony nor were they engaged in any protected speech. Furthermore, neither of them came into contact with any of the Defendants. In addition, both testified that they heard screaming, that they ran, and that they did not know where their parents were until later. Such testimony is not sufficient evidence from which a reasonable inference could be drawn that they were engaged in any type of protected speech or that any of the Defendants prevented them from doing so. Thus, these Plaintiffs have failed to establish that any of the Defendants violated their First Amendment rights to assemble and to speak freely. Therefore, the Court grants Defendants' Rule 50 motions with regard to Plaintiffs Nadine Bucktooth and Robert E. Bucktooth, III's First Amendment claims and dismisses said claims.

With respect to Plaintiff Shawn Jones' claims of intentional infliction of emotional distress and negligent infliction of emotional distress, he did not present any evidence that he suffered any emotional distress. Therefore, the Court grants Defendants' Rule 50 motions with regard to these claims and dismisses them.

With regard to Plaintiff Robert E. Bucktooth, III, other than testifying that he did not know

-8-

where his parents were and that it was the worse day of his life, he did not testify that he suffered any emotional distress. Therefore, the Court grants Defendants' Rule 50 motions with regard to these claims and dismisses them.

With regard to Plaintiff Nadine Bucktooth, she did testify that she suffered severe emotional distress which exists to this day. This emotional distress is apparently the result of hearing screaming and not knowing where her parents were until she saw them on TV later that night.

"Under New York law, a plaintiff may establish . . .a claim [for negligent infliction of emotional distress] . . .[under] . . . the 'bystander' theory . . . ." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). A plaintiff may recover for a purely emotional injury under the "bystander" theory when "(1) she is threatened with physical harm as a result of defendant's negligence; and (2) consequently she suffers emotional injury from witnessing the death or serious bodily injury of a member of her immediate family." *Mortise*, 102 F.3d at 696 (citing *Bosun v. Sanperi*, 61 N.Y.2d 219, 230-31, 473 N.Y.S.2d 357, 461 N.E.2d 843 (1984)).

Plaintiff Nadine Bucktooth has not presented any evidence that she was ever threatened with physical harm or that she witnessed the death or serious bodily injury to a member of her immediate family. Therefore, the Court grants Defendants' Rule 50 motion with regard to Plaintiff Nadine Bucktooth's negligent infliction of emotional distress claim.

With regard to Plaintiff Nadine Bucktooth's claim for intentional infliction of emotional distress claim, this claim is subsumed within her First Amendment claim. In other words, the only conduct at issue is Defendants' alleged violation of her First Amendment rights. Had she produced evidence to demonstrate that any of the Defendants violated her First Amendment rights, she would have been able to recover for emotional damages if the jury were to find that she had suffered such

damage. As noted, both "state courts and federal district court in this Circuit 'have consistently held that the tort of intentional infliction of emotional distress may not be used as a substitute for an available traditional tort theory.'" *Caravalho*, 2016 WL 1274575, at *23 (quotation and other citations omitted).

Since Plaintiff Nadine Bucktooth has not come forward with any evidence that any of the Defendants violated her First Amendment rights, she cannot demonstrate that any emotional injury that she may have suffered was the result of Defendants' violation of her First Amendment rights. Therefore, the Court grants Defendants' Rule 50 motions with regard to Plaintiff Nadine Bucktooth's intentional infliction of emotional distress claim.

## II. CONCLUSION

Accordingly, after reviewing the entire record in this matter, as well as the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' Rule 50 motions are **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that all of the claims of Plaintiffs Shawn Jones, Robert E. Bucktooth, III and Nadine Bucktooth are **DISMISSED**; and the Court further

**ORDERS** that Plaintiffs Andrew Jones, Ronald Jones, Jr., Debbie Jones, Karoniakata Jones, Karen Jones, Nikki Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth, Alfred Logan, Jr., Kahentinetha Horn, Ross John and Paul Delaronde are **DISMISSED as duplicative of their other claims**; and the Court further

**ORDERS** that Plaintiffs' claims that Defendants violated their First Amendment rights to

-10-

practice their religion are **DISMISSED**; and the Court further

**ORDERS** that Plaintiffs' claims of excessive force, false arrest and assault and battery against the Supervisory Defendants, i.e., Defendants Beach, Connelly, Haumann, Parmley and John Wood are **DISMISSED**; and the Court further

**ORDERS** that Plaintiffs Andrew Jones, Robert E. Bucktooth, Jr., Cheryl Bucktooth and Alfred Logan, Jr.'s state-law malicious prosecution claims are **DISMISSED**.

**IT IS SO ORDERED.**

Dated: October 4, 2016
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Frederick J. Scullin, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge